1 DAVID L. ANDERSON (CABN 149604)
United States Attorney
2
HALLIE HOFFMAN (CABN 210020)
3 Chief, Criminal Division

4 FRANK J. RIEBLI (CABN 221152)
NEAL C. HONG (ILBN 6309265)
5 Assistant United States Attorneys
    1301 Clay Street, Suite 340S
6     Oakland, California 94612
    Telephone: (510) 637-3680
7     FAX: (510) 637-3724
    Frank.Riebli@usdoj.gov
8     Neal.Hong@usdoj.gov

9 Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-448 JST |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER TO CONTINUE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT FROM APRIL 5, 2019 THROUGH MAY 24, 2019 |
| v. | |
| BRITT DUNN, TYLER SOOHOO, and, MICHAEL SWENK, | |
| Defendants. | |

On April 5, 2019, the parties appeared before the Court for a status conference. The Government has provided additional discovery to the defendants. Counsels for the defendants require additional time to review the additional discovery in order to effectively prepare their clients' cases. The parties agree that the time between April 5, 2019 to May 24, 2019 should be excluded in order to provide reasonable time necessary for the effective preparation of counsel pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The parties agree that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

DATED: April 18, 2019

Respectfully Submitted,

DAVID L. ANDERSON
United States Attorney

/s/ Neal Hong
NEAL C. HONG
FRANK J. RIEBLI
Assistant United States Attorneys

/s/ Richard Tamor
RICHARD A. TAMOR
Attorney for Britt Dunn

/s/ Scott Sugarman
SCOTT A. SUGARMAN
Attorney for Tyler Soohoo

/s/ Michael Levinsohn
MICHAEL W. LEVINSOHN
Attorney for Michael Swenk

**[PROPOSED] ORDER**

For the reasons stated above, the Court orders that the case be continued from April 5, 2019 to May 24, 2019, and finds that the exclusion of time from April 5, 2019 to May 24, 2019 is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The failure to grant the requested continuance would deny effective preparation of counsel, and would result in a miscarriage of justice. 18 U.S.C. §§ 3161 (h)(7)(B)(iv).

IT IS SO ORDERED.

DATED: April 18, 2019

*IT IS SO ORDERED*
*Judge Jon S. Tigar*